IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LORA JACOBE,

    Plaintiff,

v.                            Civil Action No. 3:11cv821

ARTHREX, INC.,

    Defendant,

## MEMORANDUM OPINION

This matter is before the Court on the inquiry of jurisdiction precipitated by an Order issued on March 13, 2012 (Docket No. 22) and addressed in the PLAINTIFF'S UNOPPOSED STATEMENT OF JURISDICTION (Docket No. 23) (which actually is opposed), the RESPONSE TO PLAINTIFF'S STAEMENT OF JURISDICTION (Docket No. 29) and the PLAINTIFF'S REPLY STATEMENT CONCERNING THE COURT'S SUBJECT MATTER JURISDICTION OVER THIS MATTER (Docket No. 30). For the reasons set forth below, the Court concludes that it does have subject matter jurisdiction herein.

## STATEMENT OF FACTS

Lora Jacobe filed this action on December 9, 2011, naming Arthrex, Inc. and Ilene S.H. Terrell as defendants and invoking diversity jurisdiction, notwithstanding that on the face of the Complaint, in the style, Jacobe set forth that both she and Terrell were citizens of Virginia, a circumstance which clearly precludes

the exercise of subject matter jurisdiction under the diversity statute.

On December 26, 2011, Jacobe filed a FIRST AMENDED COMPLAINT (Docket No. 4) in which she named as the only defendant Arthrex. The FIRST AMENDED COMPLAINT was filed as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(A).

On January 17, 2012, Arthrex filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Count I of the FIRST AMENDED COMPLAINT because Count I was a claim for strict liability in tort which is not a claim recognized under Virginia law. Rather than file a response to that motion, Jacobe agreed to file a Second Amended Complaint. That agreement was memorialized in a Consent Order executed by both counsel for Jacobe and Arthrex and entered on February 2, 2012 (Docket No. 13). On the same date, February 2, 2012, Jacobe filed her SECOND AMENDED COMPLAINT (Docket No. 14).

After reviewing the file herein and it appearing the Court that the Complaint lacked a subject matter jurisdiction at the time the action was initiated, the Court issued an Order of March 13, 2012 to ascertain the position of the parties respecting whether subject matter jurisdiction existed.

Those Statements of Position have been filed and the matter is now ripe for decision.

**DISCUSSION**

Courts always are obligated to assure that they possess subject matter jurisdiction over any action on which they are call to preside. The plaintiff always bears the burden to establish jurisdiction.

It is also axiomatic that subject matter jurisdiction is judged at the time of filing. This gives to rise to the "time-of-filing" rule by which subject matter is ascertained based on the state of affairs at the time the action is filed. <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567 (2004).

In <u>Grupo Dataflux</u> the Supreme Court affirmed the long-standing rule that citizenship is to be determined as of the date of commencement of an action. <u>See</u> <u>also</u> <u>Mollan v. Torrance</u>, 22 U.S. (9 Wheat.) 537, 539 6 L.Ed. 154 (1824)).

The plaintiff asserts that, in the following passage, the Court, in <u>Grupo Dataflux</u>, actually changed that rule:

> . . . the jurisdictional defect [it] addressed [in <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61 (1996)] had been cured by the dismissal of the party that had destroyed diversity. That method of curing a jurisdiction defect had long been an exception to the time-of-filing rule. '[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them.'

3

Groupo Dataflux, 541 U.S. at 572 (citing Horn v. Lockhart, 17 Wall. 570, 579 (1873). According to Jacobe, Grupo Dataflux thereupon endorsed the rule "[t]hat the proper juncture at which to gauge if there any jurisdiction 'defect' in a given federal civil action is 'when objection is taken to the jurisdiction of the court.'" Plaintiff's Reply Brief, at 5.

That assertion simply misreads the quotation upon which it is based. The phrase, "when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties," does not announce a rule that jurisdiction is measured by the date when an objection to jurisdiction is taken. Indeed, the "when an objection is taken" language simply means that, at any time there is an objection to citizenship, the proper inquiry is to look at whether the challenged party is indispensable. The fundamental holding of Grupo Dataflux is that the time to measure jurisdiction remains, as it has always been, when the action is filed. However, in 2007, the Supreme Court, in Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007) explained that, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."

Here, the amendment to the Complaint was a voluntary one which, pursuant to Fed. R. Civ. P. 15(A), can be filed as a matter of right.

4

In that circumstance, the teaching of <u>Rockwell</u> is that courts look to the amended complaint to determine jurisdiction. Of course, it also is the rule that, if a court does not have subject matter jurisdiction, it is not empowered to entertain a motion to amend a complaint to correct a jurisdictional defect. <u>Saxon Fibers, LLC v. Wood</u>, 118 Fed. Appx. 750, 752 (4th Cir. 2005). But that rule does not govern here because the FIRST AMENDED COMPLAINT, filed as a matter of right, on December 26, 2011, deleted the indispensable party whose citizenship destroyed diversity.

Under the circumstances of this case, the Court finds that it has subject matter jurisdiction.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 16, 2012